# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE SILVERCORP METALS, INC. SECURITIES LITIGATION | Case No. 12-cv-9456 (JSR) **CLASS ACTION** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/14

# [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

## WHEREAS,

(A)     This Action [1] was originally commenced on or about December 28, 2012. Lead plaintiffs Charles A. Burnes, Jr. and Dale Hachiya were appointed Lead Plaintiffs on April 15, 2013, and the Court approved their choice of counsel, Pomerantz Grossman Hufford Dahlstrom & Gross LLP, n/k/a Pomerantz, LLP ("Pomerantz"). An Amended Complaint was filed June 11, 2013, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5) against Silvercorp, Feng, and Tang.

(B)     By order entered August 8, 2013, which the Court reaffirmed in a memorandum entered July 1, 2014, the motion to dismiss Feng and Tang was granted, and Lead Plaintiffs' GAAP claim against Silvercorp was dismissed, but Silvercorp's motion to dismiss was otherwise denied.

---

[1]   Capitalized terms herein shall have the same definitions as set forth in the Stipulation and Agreement of Settlement (the "Stipulation").

(C)     On August 29, 2014, Lead Plaintiffs filed their Second Amended Complaint, which, *inter alia*, renamed Feng as a Defendant along with Silvercorp.

(D)     On October 10, 2014, Lead Plaintiffs, acting on behalf of themselves and a proposed Settlement Class, entered into a Stipulation with the Settling Defendants to settle this Action on the terms provided therein.

(E)     Lead Plaintiffs have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action with prejudice.

(F)     The Court having reviewed and considered Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof; the terms and conditions of the proposed Settlement as set forth in the Stipulation, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action, and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3.     The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Settlement Hearing").  The Court preliminarily finds that the proposed

Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

### Conditional Certification of the Class

4.     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities that purchased Silvercorp common stock on the NYSE market between May 20, 2009 and September 13, 2011 (both dates inclusive). Excluded from the Settlement Class are Defendants, the current officers and directors of Silvercorp, the former officers and directors of Silvercorp, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5.     The Court preliminarily finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies a class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and

3

efficient adjudication of the controversy.

6.    Based on the finding that Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Lead Plaintiffs as the class representatives for the Settlement Class.  The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  These conditional appointments are solely for purposes of effectuating the Settlement.

7.    If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Plaintiffs shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8.    The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9.    The Court approves the appointment of Berdon LLP as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims.

### Stay Order

10.    The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Settlement Class Claims against the Released Parties generally and the above-named Defendants specifically.

### Form and Timing of Notice

11.    The Court hereby approves, as to form and content, the proposed Notice,

substantially in the form of Exhibit B to the Stipulation, and directs that as soon as practicable after entry of this Order, but no later than twenty-one (21) days after entry of this Order granting preliminary approval, the Settlement Administrator shall provide the Notice to each known Settlement Class Member via U.S. mail, postage pre-paid. Silvercorp shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice.

12.     Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Silvercorp common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Silvercorp common stock purchased or otherwise acquired during the Settlement Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator. The Settlement Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

13.     The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

14.     The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one days after entry of this Order granting preliminary approval Lead Counsel shall cause such Publication Notice to be published on a national business Internet newswire. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the

Publication Notice.

15.     The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.

16.     This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)     Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)     Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

## Participation and Opt Out

17.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than February 4, 2015. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.   Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

## Settlement Hearing: Right to Appear and Object

19.     The Settlement Hearing shall take place before the undersigned, United States District Judge Jed S. Rakoff, in Courtroom 14B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St. New York, New York 10007-1312, on February 9, 2014, at 4:00 p.m., to determine:

(a)     Whether the Court should certify the Settlement Class and whether the Class Plaintiffs and their counsel have adequately represented the Settlement Class;

(b)     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(c)     Whether the Action should be dismissed on the merits and with prejudice as to the Settling Defendants;

(d)     Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(e)     Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(f)     Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

(g)     Whether the application for an incentive award to be submitted by Lead Plaintiffs should be approved; and

(h)     Such other matters as the Court may deem necessary or appropriate.

20.     The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

21.     Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty one  (21) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Silvercorp common stock purchased and sold during the Class Period on the NYSE, or by other means involving transactions in the United States, and the prices and dates of such transactions.  Objection materials must be sent to the following:

*for* Lead Counsel:
Matthew L. Tuccillo
Pomerantz LLP
600 Third Avenue
New York, NY 10016

*for* Defendants' Counsel:
Jeff Hammel
Latham & Watkins, LLP
885 Third Avenue
New York, NY, 10022

Court:
Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, New York 10007-1312

22.     Lead Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than twenty-eight (28) days prior to the Settlement Hearing.

23.     Lead Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than twenty-eight (28) days prior to the Settlement Hearing.

24.     The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

25.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Class Member submits a Proof of Claim.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

### Other Provisions

26.     Upon payment of the Settlement Consideration to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order.

27.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Silvercorp's shareholder transfer records, in no event shall the Settling Defendants or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Settling Defendant nor any of the Released Parties shall have any obligation or liability to the Lead Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

28.     No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

29.     The Settling Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Settling Defendant has represented that it entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)     Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties

11

with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

(b)   Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiffs.

(c)   Against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that, the Released Parties, the Lead Plaintiffs, and any Settlement Class Member may use it to effectuate the liability protection granted them by the Stipulation;

(d)   Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties

that the Settlement Consideration represents the amount which could or would have been received after trial;

(e)   Against Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Settling Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f)   As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

30.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

**SO ORDERED** in the Southern District of New York on *November 11*, 2014.

THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

13